UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL S. WHALEN,<br><br>        Plaintiff,<br><br>   v.<br><br>DANIEL FLYNN, et al.,<br><br>        Defendants. | No. 2:17-cv-1293 EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a complaint (ECF No. 1) and an application to proceed in forma pauperis (ECF No. 2). Plaintiff's application will be granted but his complaint must be dismissed without leave to amend.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

## II. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In doing so the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### III. Screening Order

Plaintiff alleges that each of the named defendants violated his rights in connection with an ongoing criminal prosecution of him in Shasta County.[1] ECF No. 1 at 3-6. This action fails for this reason alone. Claims challenging aspects of the proceedings and rulings in this ongoing case must be raised in those proceedings or on appeal afterwards. This court must abstain from hearing those challenges based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings are ongoing, important state interests are implicated in the criminal prosecution, and there is no indication that plaintiff could not raise his claims in that criminal case. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

Plaintiff's claims would fail even if this court were not required to abstain under *Younger*. Plaintiff has sued the judge presiding over his case and three members of the Shasta County Public Defender's Office. ECF No. 1 at 2. As a general rule, judicial immunity bars claims for

---

[1] Plaintiff has not provided a docket number, but the relevant case appears to be *People v. Whalen*, 17-0002509-002.

3

monetary relief – like the ones here – against a state court judge for actions related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Additionally, a public defender does not act under color of state law when representing an indigent defendant and, consequently, is not an appropriate defendant in a section 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The court notes that one of the defendants - Ashley Jones – is asserted to be a supervisor at the Shasta County Public Defender's Office and does not appear to directly represent plaintiff. ECF No. 1 at 5. Nevertheless, the only claims against her relate to her supervisory authority over the other attorney defendants. There is no respondeat superior liability under section 1983. *Polk County*, 454 U.S. at 325.

**IV.    Leave to Amend**

The court finds that granting plaintiff leave to amend his complaint would be futile. It is therefore recommend that it be dismissed with prejudice. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

**V.    CONCLUSION**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected by the Sheriff of Shasta County in accordance with the notice to be filed concurrently herewith.
3. The Clerk of Court shall randomly assign a United States District Judge to this case.

Additionally, it is RECOMMENDED that this action be dismissed with prejudice for failure to a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 28, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE